

**ORDERED in the Southern District of Florida on October 22, 2018.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

                                                                    Case No: 18-20672-BKC-JKO

BRET WALTER BARNES
and HEIDI V. BARNES,

                                                                    Chapter 7

    DEBTOR.
_____/

**ORDER SETTING HEARING ON REAFFIRMATION AGREEMENT [DE 25]**

     A Reaffirmation Agreement [DE 25] was filed by creditor ACAR Leasing LTD d/b/a GM Financial Leasing. This matter has been set for hearing before the Honorable John K. Olson on **November 07, 2018 at the motion calendar that will begin at 11:00 a.m. at the United States Bankruptcy Court, Courtroom 301, 299 E. Broward Blvd., Ft. Lauderdale, Florida 33301. The Debtor is permitted to attend the hearing by telephone. If the Debtor appears by telephone the Debtor must be available from 11:00 a.m. until 12:00 p.m. Arrangements for telephone hearings must be made by contacting the Court's Calendar Clerk, Christina Romero at (954) 769-5774 at least two days prior to the hearing. The Debtor must verbally confirm the hearing**

**with Ms. Romero and provide her with a hard-line telephone number** at which the Debtor can be reached at the time of the hearing. **Cellular phones may not be used for telephone hearings.**

Enclosed for the Debtor's convenience is "A Guide for Florida Debtors" prepared by the Florida Bar, providing useful information.

###

Copies furnished to:

Debtor
Creditor

# CONSIDER THIS BEFORE YOU REAFFIRM A DEBT

**Do you really need it?**

Answer this question honestly. You may like that new sofa, the new computer or that TV, but its time to make hard choices and you can't keep everything. Only consider reaffirming debts on things you absolutely need, like your car to go to work.

**IF NO, GIVE IT BACK!**

## IF YES

Can you get another one for less money? IF SO, DON'T REAFFIRM!

Can you really afford it? (I MEAN REALLY!!) IF NOT, DON'T REAFFIRM!

Has the creditor offered you a "new deal," credit card or anything else to reaffirm?

WEIGH YOUR OPTIONS — LOWER INTEREST RATES AND BETTER PAYMENT TERMS MAY NOT BE THE ANSWER

**You still want to reaffirm?**

So you still want to keep it. Can your creditor repossess or take the property if you don't make your payments? Make sure the creditor shows you the paper that says they can take your property. If they can't, DON'T REAFFIRM!

Are you way behind on your payments? If you do not have a real chance to catch up, you will default later and lose your property anyway. DON'T REAFFIRM!

When you owe a lot of money and the creditor is offering to give you new credit or keep your account in good standing, be careful and think: ARE THERE CHEAPER WAYS TO GET CREDIT?

## BEFORE YOU SIGN...

- If you decide to reaffirm, you must sign the reaffirmation agreement before you get a discharge.
- Do you understand the agreement? Amount you owe? Payment terms? Are all agreed terms in the document?
- If you don't have an attorney, the bankruptcy court must approve the agreement before it is binding and a creditor can enforce it.
- If you change your mind you can cancel the agreement anytime before your discharge or 60 days after the agreement is filed with the court, whichever comes later. Just tell the creditor (in writing is best), and the agreement is cancelled. This is your right to rescind the agreement.

FLA. BAR BUSINESS LAW SECTION

# REAFFIRMATION AGREEMENTS: A GUIDE FOR FLORIDA DEBTORS

PUBLISHED BY THE FLORIDA BAR
BUSINESS LAW SECTION-January 2001

***

## INTRODUCTION

The primary purpose in filing for Chapter 7 bankruptcy relief is for a person known in bankruptcy as "the Debtor" to get a discharge [] that is, to get rid of old debts or financial obligations. Sometimes one of your creditors may ask you at your Creditors' Meeting, on the phone or by mail to sign a Reaffirmation Agreement in order to keep a car, a computer, or furniture or appliances that you financed. A Reaffirmation Agreement is your new contract or legal promise to keep a specific debt even though your other obligations will be gone. If any of your creditors ask you to sign a Reaffirmation Agreement, you have an important decision to make and should be cautious. You may want to consider the points made in this information sheet.

This paper has been published by the Business Law Section of The Florida Bar to help you make a more informed choice before agreeing to remain responsible for debts that could be wiped out in bankruptcy. This pamphlet may not address all of your questions regarding Reaffirmation Agreements. You have the right to hire a lawyer if you can afford it or, if not and you qualify, you may be able to obtain free legal advice through your local legal aid office.

## CHOICES

In Florida, you have three choices in dealing with collateral or property that has been financed such as an automobile loan:

1. Return the property and get rid of the debt;
2. Keep the property and keep the debt by signing a Reaffirmation Agreement so you will have to continue to make payments like you did before bankruptcy; or
3. Keep the property by redeeming or paying the whole value of the property in cash. (This last option is very rarely used by Debtors).

## ASK FOR DOCUMENTS AND INFORMATION

Before reaffirming any debt, you should ask your creditor to give you:

1. Copies of documents that prove the creditor has a right to repossess, "repo" or take away your property (such as a security agreement or installment contract and UCC-1 Financing Statement or Certificate of Title);
2. How much you have to pay to keep the property under a Reaffirmation Agreement and the terms under which the debt will be repaid such as weekly, monthly or quarterly payments; and
3. A statement of the *redemption value* of the collateral which is the amount you have to pay in cash at one time to pay off the loan and keep the property.

## REASONS NOT TO REAFFIRM

You generally SHOULD NOT reaffirm debts under the following situations:

- The debt is totally unsecured by any property.
- The creditor cannot provide the necessary paperwork to establish that the debt is secured.
- You really don't want to keep the property and are willing to give it back to the creditor.
- You are way behind in payments and there is a high probability that the property will be repossessed anyway at a later date.
- The creditor is threatening to file a lawsuit in the bankruptcy court for collection of the debt unless you agree to reaffirm.
- The debt to be reaffirmed is not now secured by any property but the creditor is offering to give you new credit. (There may be other cheaper ways to obtain new credit.)

## WHEN YOU MAY WANT TO REAFFIRM

Assuming the creditor can prove that it is property secured in the collateral and has the right to "repo" the property if you don't pay, you MAY want to reaffirm a debt under the following circumstances:

- It is essential that you keep the property (such as a car for you to and from work) and you have no ability to get another one for an cheaper amount
- You need to keep the property and have been unable to get the creditor to agree to a reduced payoff amount (*redemption* amount).
- You have the ability to bring and keep the payments current because other debts will be discharged.
- The creditor gives you something of value in return for signing the Reaffirmation Agreement, such as a written promise to let you catch up on the past payments in a affordable way, to reduce the interest rate, or to reduce the total amount of the debt to the value of the property or some other reasonable amount.
- You need to reaffirm the debt to protect a "co-debtor" (another person who is also liable to repay the debt).

## Reminder

A **Debtor should always remember that the signing of a Reaffirmation Agreement is a voluntary act and the bankruptcy law does not encourage the reaffirmation of dischargeable debts. You have the right to refuse to sign the agreement, although you may have to give up the financed property. Importantly, the Reaffirmation Agreement is not valid and binding on you unless the Bankruptcy Court approves it. You also have the right to try and negotiate different terms for a Reaffirmation Agreement.**

Local Legal Aid Office Information: